■ In the Matter of LENNON-PEEK SURGICAL CO., INC., Appellant-Re-

spondent, et al., Petitioner, v CHARLES J. HYNES, as Deputy Attorney-General of the State of New York, et al., Respondents-Appellants.—In a proceeding to quash two Grand Jury subpoenas, one served upon each petitioner, the cross appeals are from so much of an order of the Supreme Court, dated September 4, 1979 and entered in Westchester County, as modified the subpoena served upon petitioner Lennon-Peek Surgical Co., Inc., and only partially denied the motion to quash said subpoena. Order modified, on the law, by (1) deleting that portion thereof which modified the subpoena so as to limit the items to be produced to those books and records which deal with the activities of Lennon-Peek with New York State hospitals and (2) adding thereto provisions that, upon the stipulation of the Deputy Attorney-General, (a) the books and records of Lennon-Peek demanded by the subpoena shall be limited to those books and records pertaining to the years 1975 to the present and (b) Lennon-Peek shall produce its records of inter-State activities only as to the general ledger, cash disbursements journal, paid purchase invoices, sales invoices, bank statements and canceled checks and W-2 forms. As so modified, order affirmed insofar as appealed from, without costs or disbursements. In our opinion, the Deputy Attorney-General has established his right to obtain, through his subpoena, the books and records pertaining to Lennon-Peeks's intra-State activities (see *Matter of Hynes v Moskowitz,* 44 NY2d 383; *Myerson v Lentini Bros. Moving & Stor. Co.,* 33 NY2d 250). In addition, we recognize that flowing therefrom there is a need for the records pertaining to out-of-State dealings as well. An important factor in determining whether there have been any actionable abuses in Lennon-Peek's dealings with New York State hospitals may be the comparison of prices charged both within and without the State. During the argument of this appeal, the Deputy Attorney-General agreed to limit his demand for inter-State records to the items heretofore specified, and to further limit his examination of Lennon-Peek's records and books to the years 1975 to the present. We have modified the order in accordance with such stipulation. Mollen, P. J., Hopkins, O'Connor and Lazer, JJ., concur.